IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:09-cv-00380

LINLY E.P. ANTOINE,            )
                               )
       Plaintiff,              )
                               )
v.                             )
                               )
THE STATE OF NEW JERSEY,       )
                               )
       Defendant.              )
                               )

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND DENYING ALL OTHER MOTIONS AS MOOT.

Plaintiff, Linly E.P. Antoine, ("Plaintiff") brought this civil action, *pro se*, asserting claims pursuant to 42 U.S.C. § 1983 (Doc. #1) against the State of New Jersey ("Defendant").

This matter is now before this Court on Plaintiff's "Motion for Default Judgment" (Doc. #6) and Defendant's "Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Transfer Venue" (Doc. #9-4). For the reasons stated in this order, this court DENIES Plaintiff's Motion for Default Judgment, GRANTS Defendant's Motion to Dismiss, and denies all other motions as moot.

**STATEMENT OF THE FACTS AND PROCEDURAL HISTORY**

Plaintiff's complaint against the State of New Jersey is based upon events occurring when Plaintiff was tried and incarcerated in the State of New Jersey. The following is a summary of the most pertinent facts in the case. Plaintiff alleges that individuals working in Hackensack, New Jersey, accused his wife, Lisa Thompson, of violating the terms of her

probation in 2007. (Compl. 8) Plaintiff's wife was arrested based upon information provided by her probation officer, Maria Estrella. (Compl. 8) Plaintiff further alleges that in June 2009, a psychiatrist accused Plaintiff of making threatening phone calls, which resulted in Plaintiff being charged with the criminal offense of making "terroristic threats." (Compl. 8-9) Plaintiff alleges that, when he was arrested in North Carolina, he was not read his Miranda rights. (Compl. 17) Plaintiff was transported from North Carolina to New Jersey, where he was held at the Passaic County Jail. (Compl. 17) Plaintiff alleges that there was an outbreak of staph infection at the Jail, and that his placement there in a cell shared with an infected inmate was negligent. (Compl. 17)

Plaintiff appears to seek discovery in the criminal cases pending against him and his wife. (Compl. 10, 16, 17) Plaintiff accuses the individuals named in the documents attached to the Complaint of conspiring against him and his wife because they are black and wear their hair in dreadlocks. (Compl. 20) Plaintiff accuses a court-appointed psychiatrist of making fraudulent statements. (Compl. 12) Plaintiff alleges that his wife was injured in 1992 while held at the Bergen County Jail in Hackensack, New Jersey. (Compl. 17) Plaintiff alleges that he and his wife are being mistreated because of this incident. (Compl. 17)

Plaintiff filed this action against the State of New Jersey on September 1, 2009. (Doc. #2) The complaint was served on the State of New Jersey on October 13, 2009. (Doc. #3) Plaintiff seeks $100 million in damages from the State of New Jersey. (Compl. 5) On January 4, 2010, Plaintiff filed a "Motion for Entry of Default Judgment". (Doc. #6) On January 21, 2010, Plaintiff filed a proof of service of process upon Defendant, indicating that the Defendant was served on January 8, 2010. (Doc. #7) Defendant filed a motion to dismiss on February 2, 2010. (Doc. #9)

## II. PLAINTIFF'S MOTION FOR DEFAULT

Plaintiff filed a motion for default judgment on January 4, 2010. (Doc. #6) A review of the docket in this case shows that the clerk has not entered Defendant's default. Nevertheless, the issue becomes whether the court should use its discretion to grant Plaintiff's motion for default judgment.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by those rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Then, upon motion and notice to the party, the court *may* enter judgment by default. Fed. R. Civ. P. 55(b)(2) (emphasis added).

Generally speaking, the entry of default judgment is disfavored because it prevents a plaintiff's claims from being decided on the merits. 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2681 (1983). "There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, particularly when monetary damages sought are substantial." Ray v. Simon, 2008 WL 5412067 (D. S.C. Dec. 24, 2008) (quotations omitted). Accordingly, entry of default judgment is a drastic remedy which should only be used in the most extreme circumstances. Id.

Because the court must use sound judicial discretion in determining whether to enter a default judgment, it is clear that judgment by default is not a right. In fact, there are a number of factors a court should consider in determining whether a default judgment is appropriate. Such factors include: (1) prejudice to the plaintiff if default judgment is not granted; (2) whether the

defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. Hall v. Logistics, Inc., 2006 WL 1889165, *2 (D. S.C. July 7, 2006) (citations omitted). Moreover, a default judgment should be entered only if other sanctions would not suffice. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir 1987).

In the current case, entry of a default judgment is not appropriate. Defendant has appeared and filed a motion to dismiss in which it raises several meritorious defenses to Plaintiff's claims. (Doc. #9) As the court has not reached the merits of Plaintiff's claims, any prejudice to Plaintiff that exists is nominal at most. Finally, considering that Plaintiff is seeking $100 million in damages from the State of New Jersey, an entry of default judgment would not be a prudent use of this court's discretion. Accordingly, this court will DENY Plaintiff's motion for default judgment and the implied motion for entry of default.

### III. DEFENDANT'S MOTION TO DISMISS

Defendant contends Plaintiff's complaint should be dismissed for lack of personal jurisdiction pursuant to 12(b)(2). This court agrees.

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It is not meant to resolve conflicts in the facts. When a defendant files a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff is required to prove jurisdiction by a preponderance of evidence. Mylan Labs., Inc. V.v. Akzo, 2 F.3d 56, 59-60 (4th Cir. 1993). However, when a court chooses not to hold an evidentiary hearing and decides instead to rely on the parties' pleadings, affidavits, and other legal documents, the plaintiff faces a lesser standard such that the plaintiff must only "make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). "In considering a challenge on such a record, the court must construe all relevant

pleadings in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. This court is also mindful that it should liberally construe the complaints filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases. Cruz v. Beto, 405 U.S. 19, 92 S.Ct. 1079, 31 L.E.2d 263 (1972).

A fundamental question in every case is whether there exists personal jurisdiction over the defendant. Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." Burger King v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.E.2d 528 (1985). There are two types of personal jurisdiction: general and specific. General jurisdiction is permissible under the Due Process clause when the defendant has an enduring relationship with the forum state, and his connection to and activities in the forum state are so substantial that the defendant would expect to be subject to suit there on any claim and would suffer no inconvenience from defending there. "The essence of the issue . . . is . . . one of general fairness to the [defendant]." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

The United States Supreme Court articulated a two-prong Due Process test for determining specific jurisdiction. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The first, the traditional minimum contacts prong, focuses on the defendant's connection with the forum state and the relationship between the connection and the litigation. Burger King Corp., 471 U.S. at 471-76. The second prong is frequently referred to as the fairness, convenience, or reasonableness prong. Beyond the requirement of minimum contacts, Due Process requires further factual evaluation to determine whether an assertion of personal jurisdiction comports with fair play and substantial justice. Id. at 476.

In short, Plaintiff's complaint fails to establish either general or specific personal

jurisdiction over the State of New Jersey.  First, Plaintiff fails to make a prima facie showing that the court has general jurisdiction over the State of New Jersey. Plaintiff does not allege that the State of New Jersey has engaged in "continuous and systematic contacts" with North Carolina unrelated to the events of this case such that New Jersey could reasonably expect to be hailed into court in North Carolina.

Second, Plaintiff fails to make a prima facie showing that the court has specific personal jurisdiction over the State of New Jersey.  The only asserted contacts with the State of North Carolina were incidental to Plaintiff's extradition to New Jersey.  (Compl. 18)  Such actions do not establish personal jurisdiction over another state.  *See* Ray v. Simon, 2008 WL 5412067, (D.S.C. Dec. 24, 2008) (dismissing a complaint for lack of personal jurisdiction over New Jersey defendants based on allegations of defendants' decision to extradite plaintiff from South Carolina to New Jersey); Wright v. Linhardt, 2009 WL 92810 (D. Or. 1998) (holding plaintiff's allegation that a California Assistant United States Attorney who misinformed the court does not provide sufficient minimum contacts with Oregon to warrant the exercise of personal jurisdiction).

Plaintiff has not alleged a set of facts where any of the "entities involved in this complaint" (Compl. 6-7)  have subjected themselves to personal jurisdiction by purposefully availing themselves of North Carolina's laws or privileges.  Plaintiff's allegations involve criminal proceedings in New Jersey, not North Carolina.  Plaintiff further alleges that he was mistreated by persons in New Jersey, not North Carolina.  Simply stated, the events giving rise to this case did not occur in North Carolina.  Allowing personal jurisdiction over the state of New Jersey based on a decision to extradite a criminal defendant does not satisfy traditional notions of "fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 320.  "Otherwise, all

discussion between prosecutors attempting to obtain extradition or information about a defendant would satisfy personal jurisdiction requirements in a foreign jurisdiction in a subsequent civil action." Wright, 2000 WL 92810 at *9.

Accordingly, because Plaintiff has failed to make a prima facie case of general or specific personal jurisdiction over Defendant, this court will GRANT Defendant's Motion to Dismiss based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## IV. CONCLUSIONS

Therefore, IT IS ORDERED THAT:

(1) Plaintiff's Motion for Entry of Default and for Default Judgment is DENIED.

(2) Defendant's Motion to Dismiss is GRANTED.

(3) All other motions are denied as moot.

Signed: November 9, 2010

Richard L. Voorhees
United States District Judge